IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| A MATTER OF TIME, INC. d/b/a DOGOLOGIE,<br>　　*Plaintiff*,<br><br>v.<br><br>DOG SCIENCES, LLC d/b/a DOGOLOGY and DOGOLOGY NW,<br>　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:20-cv-1314<br><br><br><br><br><br>JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, A Matter of Time, Inc. d/b/a DOGOLOGIE®, by and through its undersigned counsel, hereby files this action against Defendant, Dog Sciences, LLC d/b/a DOGOLOGY and DOGOLOGY NW, and in support, alleges and avers the following.

## PARTIES

1.　Plaintiff A Matter of Time, Inc. d/b/a DOGOLOGIE® ("Plaintiff") is a Texas corporation with its principal place of business at 150 East Main Street, Suite 202, Fredericksburg, Texas 78624.

2.　Defendant Dog Sciences, LLC d/b/a Dogology NW ("Defendant"), is a Washington limited liability company with a principal place of business at 110 South Cavalier Lane, Greenacres, Washington 99016.

## JURISDICTION AND VENUE

3.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. § 1121, Chapter 85 of the Judiciary and Judicial Procedure Code, and has supplemental jurisdiction over the state law claims for unfair competition, trademark

1

infringement, and dilution under 28 U.S.C. § 1367(a) and this matter raises federal questions arising out of, and under, the Lanham Act, 15 U.S.C. § 1051 *et seq*.

4. This United States District Court may exercise supplemental jurisdiction over the subject matter of this Civil Action pursuant to 28 U.S.C. § 1367(a) for any other state-law claim asserted herein arising from the same transactions or occurrences and implicating the same questions of fact and related questions of law.

5. This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant and/or Defendant's agents regularly conduct commerce in the State of Texas, deriving revenue and value therefrom, so as to purposefully avail itself of the privilege of conducting business within the State of Texas, and particularly in this District, in such a manner that it should reasonably anticipate being haled into court in Texas.

6. This Court has personal jurisdiction over Defendant because Defendant sells DOGOLOGY branded goods and services in the State of Texas, including in the Western District of Texas.

7. This Court has personal jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant.

8. Furthermore, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

9. This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, the conduct of Defendant and/or Defendant's agents as alleged herein caused and continue to cause injury to Plaintiff in the State of Texas and particularly in this District.

10. Specific jurisdiction over a nonresident defendant is proper if it sells the allegedly infringing goods or services to customers in the forum state.

11. Purposeful availment is satisfied when a website, in violation of plaintiff's trademark rights, plainly attracts the forum state's residents.

12. Defendant expected its actions to be of consequence in the State of Texas and in this District.

13. Defendant engaged in activities constituting doing business in the State of Texas pursuant to the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.042.

14. Defendant owns and maintains a website, www.dogologynw.com, in which it displays the dogs it has trained and sold to consumers.

15. Defendant uses DOGOLOGY NW because the website [www.dogology.com](www.dogology.com) is not available.

16. Defendant is commonly referred to as DOGOLOGY.

17. Defendant markets and sells its DOGOLOGY branded goods and services to Texas residents throughout the State, including the Western District of Texas. Annexed hereto is Exhibit A representing true and correct screenshots of Defendant's website showing the various dogs it has sold to Texas customers.

18. Thus, Defendant has made significant direct sales and is currently offering additional goods and services to Texas customers.

19. Defendant's website is accessible in the Western District of Texas.

20. Defendant's website is interactive and is used to purchase Defendant's goods and services in the Western District of Texas.

21. These actions are sufficient to confer jurisdiction in this State upon a nonresident of Texas, pursuant to the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.042.

22. Defendant has not designated or maintained a resident agent for service of process.

23. Defendant does not maintain a regular place of business in the State of Texas.

24. Plaintiff may obtain service of process on Defendant through Texas's long-arm statute in an action for trademark infringement by serving the Texas Secretary of State as its Agent, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 17.044:

> Texas Secretary of State
> Service of Process
> PO Box 12079
> Austin, Texas 78711-2079

who will forward a copy of the summons and complaint to Defendant at 110 South Cavalier Lane, Greenacres, Washington 99016 and issue a certificate of service to Plaintiff.

25. Defendant can be served with this complaint by the Texas Secretary of State by serving its governor and Washington registered agent for service, Mary Davies, at 110 South Cavalier Lane, Greenacres, Washington 99016.

26. Plaintiff, which is incorporated in Texas and has its principal place of business in the Western District of Texas, has been injured in this District.

27. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTUAL BACKGROUND**

28. Plaintiff has its principal place of business in Fredericksburg, Gillespie County, Texas.

29. In 1846, a small city named Fredericksburg was founded in the Texas Hill Country in Gillespie County and more than 170 years later, Fredericksburg has grown into a charming German village and is visited by hundreds of thousands of tourists and visitors each year.

30. Fredericksburg is a destination city in Texas.

31. With total direct travel spending up over $100 million and local tax receipts over $3.3 million in Gillespie County, tourism's impact on the area's economy is vast.

32. Fredericksburg has become the second largest wine tourism area in the country; just under Napa Valley, California.

33. DOGOLOGIE® is registered and owned by Plaintiff for a variety of different goods and services relating to pets.

34. Plaintiff's U.S. Reg. No. 2,947,672, filed March 17, 2003 and registered May 10, 2005, is an incontestable trademark under section 15 of the Lanham Act, 15 U.S.C. § 1065, having a date of first use in commerce of February 28, 2003.

35. Plaintiff's registrations for DOGOLOGIE® include service marks (U.S. Reg. Nos. 2,947,672 in International Class (IC) 35 for retail store services featuring pet-related products, namely, food, treats, toys, collars, leashes, beds, carriers, grooming products and other specialty items for pets; 6,013,483 in IC 41 for online journals, namely blogs featuring dogs; 5,948,466 in IC 43 for kennel services, namely boarding for pets).

36. These registrations for DOGOLOGIE® also include incontestable trademarks stemming from U.S. Reg. No. 2,947,672 (U.S. Reg. Nos. 4,547,333 in IC 18 for animal leashes and collars for animals; 4,550,930 in IC 25 for t-shirts; 4,550,933 in IC 31 for dog treats; 4,550,932 in IC 3 for pet shampoo and conditioner).

37. Plaintiff also has a registered service mark for DOGOLOGIE HAUS (U.S. Reg. No. 4949648 in IC 43 for bed and breakfast inn services).

38. The above-referenced registrations shall hereinafter be referred to as the DOGOLOGIE® marks.

39. Plaintiff is entitled to state and federal protection of these marks.

40. Plaintiff also has valid common law rights in DOGOLOGIE.

41. Defendant uses DOGOLOGY NW in commerce, which is the same or similar to Plaintiff's mark, particularly with respect to appearance, sound, connotation, and commercial impression.

42. The difference in spelling of DOGOLOGIE® and DOGOLOGY NW is immaterial in that the dominant word is pronounced exactly the same.

43. The use of NW in DOGOLOGY Defendant's website states "serving the entire United States."

44. Defendant uses DOGOLOGY NW in connection with the sale, offering for sale, distribution, or advertising of goods and services without Plaintiff's consent.

45. Defendant's use of the DOGOLOGY NW is used in a manner likely to cause confusion as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by plaintiff.

46. The marks of Plaintiff and Defendant are essentially the same.

47. The goods and services are similar, related and overlapping.

48. Defendant has infringed Plaintiff's DOGOLOGIE trademark.

49. Defendant has contributed to post-sale confusion or downstream confusion.

50. Defendant has actively induced post-sale confusion or downstream confusion.

51. Defendant has contributed to and actively induced confusion in recipients of their DOGOLOGY branded goods and services.

52. Defendant's actions have caused confusion in the minds of persons able to influence purchasing decisions or persons whose confusion presents a significant risk to the sales, goodwill, or reputation of Plaintiff's DOGOLOGIE goods and services.

53. Defendant's actions have caused confusion on the part of potential consumers.

54. Defendant's actions have caused confusion of non-consumers whose confusion could create an inference that consumers are likely to be confused.

55. Defendant's actions have caused confusion of non-consumers whose confusion could influence consumers.

## **COUNT I: FEDERAL TRADEMARK INFRINGEMENT**

56. Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as though fully set forth herein.

57. Defendant's marketing, promotion, offering for sale, and sale of its goods and services is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendant's goods and services.

58. Because of Defendant's unauthorized use of the name DOGOLOGY NW, which is confusingly similar to Plaintiff's DOGOLOGIE® marks, the public is likely to believe that the Defendant's goods have been manufactured, approved by, or are affiliated with Plaintiff's DOGOLOGIE®.

59. Thus, Plaintiff's ability to gain revenue through the using Plaintiff's DOGOLOGIE® mark is limited.

60. Defendant's unauthorized use of facsimiles of the DOGOLOGIE® mark falsely represents Defendant's goods and services as emanating from or being authorized by Plaintiff and places beyond Plaintiff's control the quality of goods and services associated with the DOGOLOGIE® marks.

61. Defendant's infringement of the DOGOLOGIE® marks is willfully intended to reap the benefit of the goodwill of Plaintiff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

62. Because of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer substantial damages.

63. Under 15 U.S.C. § 1117(a), Plaintiff is entitled to recover damages, which includes all profits Defendant has made as a result of their wrongful conduct.

64. In addition, because Defendant's infringement of Plaintiff's DOGOLOGIE® marks is willful, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

65. Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, Defendant's direct infringement, contributory infringement, and inducing infringement constitutes harm to Plaintiff and its DOGOLOGIE® mark such that Plaintiff could not be made whole by any monetary award; if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and Defendant's wrongful conduct, and the resulting damage to Plaintiff, is continuing.

66. Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## COUNT II: FEDERAL FALSE DESIGNATION OF ORIGIN OR SOURCE

67. Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as though fully set forth herein.

68. Plaintiff's DOGOLOGIE® mark is distinctive and indicates to consumers that its goods and its services originate from a single source.

69. Plaintiff's DOGOLOGIE® mark on its products and services symbolizes the substantial goodwill of Plaintiff resulting in significant sales of its high-quality goods and services.

70. Defendant's false designations of origin or source are likely to cause confusion, to cause mistake, or to deceive as to the origin or source of Defendant's goods or services.

71. Defendant's use in commerce of false designations of origin or source is likely to cause consumers to believe that Defendant's DOGOLOGY goods or services and Plaintiff's DOGOLOGIE® goods or services come from the same origin or source, or that Plaintiff sponsors or approves the goods or services of Defendant, or that Defendant and Plaintiff are somehow affiliated, connected, or associated with one another when, in fact, they are not.

72. Defendant's use in commerce of false designations of origin or source is injuring the goodwill of DOGOLOGIE®.

73. The actions of Defendant constitutes a violation of the federal Lanham Act, 15 U.S.C. § 1125.

74. At no time has Plaintiff authorized Defendant to create, distribute, sell, offer for sale, use, or otherwise put into commerce Defendant's DOGOLOGY goods and services.

75. Defendant is knowingly and intentionally misrepresenting and falsely designating to the public the affiliation, connection, association, origin, source, endorsement, sponsorship, and approval of Defendant's DOGOLOGY goods and services to create a likelihood of confusion by the public as to the affiliation, connection, association, origin, source endorsement, sponsorship, and approval of Defendant's products.

76. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing use of false designations of origin or source.

77. Defendant's false designations of origin or source is irreparably injuring Plaintiff's goodwill and eroding Plaintiff's share of market, and unless enjoined by this Court, will continue to do so.

78. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendant's violations, an accounting of profits made by Defendant on sales of its goods or services, and recovery of Plaintiff's costs of this action.

79. Defendant has willfully and wantonly used false designations of origin or source, and its actions have been calculated to confuse, mislead, or deceive consumers, and to injure the goodwill of Plaintiff.

80. The intentional engaging in false designation of origin or source by Defendant makes this an exceptional case entitling Plaintiff to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

**COUNT III: COMMON LAW TRADEMARK INFRINGEMENT**

81. Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as though fully set forth herein.

82. Plaintiff's use of the DOGOLOGIE® mark predates any alleged use by Defendant in the United States.

83. Defendant's use of DOGOLOGY is calculated to deceive the relevant consuming public into accepting and purchasing Defendant's products in the mistaken belief that they are Plaintiff's products, or that that they are sponsored by, connected with, or supplied under the supervision of Plaintiff.

84. Such actions permit, and will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by Plaintiff to readily obtain customer acceptance of its goods offered for sale, and to give Defendant's goods a salability they would not otherwise have, all at Plaintiff's expense.

85. Defendant' aforementioned acts constitute trademark infringement in violation of the common law of the State of Texas.

86. As a direct and proximate result of Defendant's above-described conduct, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

87. Unless enjoined by this Court, Defendant's above-described conduct will cause irreparable injury, for which Plaintiff has no adequate remedy at law, injury to the reputation and good will of Plaintiff as well as confusion and deception among consumers.

88. Defendant's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiff's rights, were intended to cause confusion, and to trade off the good will in Plaintiff's DOGOLOGIE® mark, making this an exceptional case and entitling Plaintiff to enhanced

damages and attorneys' fees at least as provided under Texas Civil Practices & Remedies Code § 41.003.

## COUNT IV: COMMON LAW UNFAIR COMPETITION

89. Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as though fully set forth herein.

90. Defendant's use of the mark is calculated to deceive the relevant consuming public into accepting and purchasing Defendant's products in the mistaken belief that they are Plaintiff's products, or that that they are sponsored by, connected with, or supplied under the supervision of Plaintiff.

91. Such actions permit, and will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by Plaintiff to readily obtain customer acceptance of the goods and services offered for sale, and to give Defendant's goods and services a salability they would not otherwise have, all at Plaintiff's expense.

92. Defendant's adoption and use of DOGOLOGY on its goods and services constitutes unfair competition, palming off, passing off, and unjust enrichment in violation of the common law of the State of Texas.

93. By such use, Defendant has represented that its goods are those supplied by Plaintiff.

94. This use creates likelihood that the public will be confused or deceived.

95. Defendant' aforementioned acts constitute unfair competition in violation of the common law of the State of Texas.

96. As a direct and proximate result of Defendant's above-described conduct, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

97. Unless enjoined by this Court, Defendant's above-described conduct will cause irreparable injury, for which Plaintiff has no adequate remedy at law, injury to the reputation and good will of Plaintiff as well as confusion and deception among consumers.

98. Defendant's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiff's rights, intended to cause confusion, and to trade off the good will in Plaintiff's DOGOLOGIE® mark, thus making this an exceptional case and entitling Plaintiff to enhanced damages and attorneys' fees, at least as provided under Texas Civil Practices & Remedies Code section 41.003.

### COUNT V: TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COMM. CODE § 16.103

99. Plaintiffs incorporate by reference the factual allegations in this complaint as though fully set forth herein.

100. "Dilution" means dilution by blurring or dilution by tarnishment, without regard to the presence or absence of: (A) competition between the owner of a famous mark and another person; (B) actual or likely confusion, mistake, or deception; or (C) actual economic harm.

101. The owner of a mark that is famous and distinctive, inherently or through acquired distinctiveness, in this state is entitled to enjoin another person's commercial use of a mark or trade name that begins after the mark has become famous if use of the mark or trade name is likely to cause the dilution of the famous mark.

102. A mark is considered to be famous if the mark is widely recognized by the public throughout this state or in a geographic area in this state as a designation of source of the goods or services of the mark's owner.

103. Plaintiff's DOGOLOGIE® marks are famous marks in that they are widely recognized by the public throughout this state or in a geographic area in this state as a designation of source of the goods or services of Plaintiff.

104. Based on the activities described above, Defendant has diluted and continue to dilute the distinctiveness of the Plaintiff's famous DOGOLOGIE® marks under section 16.103 of the Texas Business & Commerce Code.

105. Defendant's acts complained of above are likely to injure Plaintiff's business reputation or to dilute the famous, distinctive quality of the DOGOLOGIE® marks by, at the very least: (i) eroding the public's exclusive identification of Plaintiff's famous DOGOLOGIE® marks, (ii) lessening the capacity of Plaintiff's famous DOGOLOGIE® marks to identify and distinguish Plaintiff's goods and services, (iii) associating the Plaintiff's DOGOLOGIE® marks with products and/or services of inferior quality, or (iv) by impairing the distinctiveness of Plaintiff's famous DOGOLOGIE® marks.

106. Defendant's use of DOGOLOGY is likely to weaken or otherwise jeopardize Plaintiff's highly valuable rights in its DOGOLOGIE® marks.

107. Defendant's use of DOGOLOGY constitutes "dilution by blurring" and causes an association arising from the similarity between Defendant's DOGOLOGY mark and Plaintiff's famous DOGOLOGIE® mark that impairs the famous DOGOLOGIE® mark's distinctiveness.

108. Defendant's use of DOGOLOGIE® constitutes "dilution by tarnishment" and causes an association arising from the similarity between Defendant's ALIPOTEC and Plaintiff's famous DOGOLOGIE® mark that harms the famous DOGOLOGIE® marks' reputation.

109. Pursuant to Texas Business & Commerce Code section 16.103, Plaintiff is entitled to bring this action to enjoin Defendant from further injuring Plaintiff's business reputation or diluting the distinctive quality of the Plaintiff's DOGOLOGIE® marks.

110. Plaintiffs will be irreparably injured unless such action is enjoined by this Court as provided by Texas law.

111. Defendant's dilution has been willful and intentional, making this case eligible for an award of enhanced profits and damages under Texas law, as well as an award of Plaintiff's attorneys' fees.

## NOTICE OF LITIGATION HOLD REQUIREMENT

112. Defendant is hereby notified that they are legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant know, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereinafter collectively referred to as "Potential Evidence").

113. As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally

or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, Android-based smart phones, Windows-based smart phones, video cameras and still cameras, and any and all other locations where electronic data is stored. These sources may also include any personal electronic, digital, and storage devices of all of Defendant's agents or employees if Defendant's electronically stored information resides there.

114. Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses. To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notify their agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## **JURY DEMAND**

115. Plaintiff hereby demands a trial by jury.

## **PRAYER**

WHEREFORE, Plaintiff prays that:

WHEREFORE, Plaintiff demands judgment for itself and against Defendant by this Court as follows:

A. Enter an injunction prohibiting Defendant and its respective officers, directors, agents, servants, employees, related companies, licensees, and all persons acting for, with, by, though, and under any of them, from any and all use and direct and indirect infringement of the Plaintiff's Marks, and any other Plaintiff's marks, names and/or logos, and false designations of origin or source and Defendant's dilution, unfair competition and palming off or any derivation thereof directly or indirectly, for itself, or through, on behalf of, or in conjunction with the sale or offer of any products or services by Defendant;

B. Enter judgment in favor of Plaintiff for actual damages in an amount to be determined by the Court, where such damages are trebled due to Defendant's willful and intentional disregard of Plaintiff's known rights, pursuant to at least 15 U.S.C. § 1117 and Texas Business & Commerce Code sections 16.102-16.104;

C. Enter judgment in favor of Plaintiff for Defendant's profits in an amount to be determined by the Court, where such profits are trebled due to Defendant's acts of willful and intentional disregard and violation of Plaintiff's known rights, pursuant to at least 15 U.S.C.§ 1117 and Texas Business & Commerce Code sections 16.102-16.104;

D. Award Plaintiff all costs of the action and reasonable attorneys' fees pursuant to the provisions of at least 15 U.S.C. § 1117 and Texas Business & Commerce Code sections 16.102-16.104;

E. Order Defendant to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant have complied with the injunctions;

F. Allow Plaintiff recovery of all damages it has sustained because of Defendant' activities, and that said damages be trebled;

G. Order that an accounting be directed to determine Defendant' profits resulting from the activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of the case;

H. Allow Plaintiff recovery of its costs of this action and prejudgment and post-judgment interest; and

I. Plaintiff be awarded such other relief as the Court deems just and equitable.

Dated November 9, 2020.

Respectfully submitted,

/s/ Charles W. Hanor
Charles W. Hanor
Texas Bar No. 08928800
HANOR LAW FIRM PC
750 Rittiman Road
San Antonio, Texas 78209
Telephone: (210) 829-2002
Fax: (210) 829-2001
chanor@hanor.com

*Attorneys for Plaintiff*